**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>ALEXANDER FERMIN-GARCIA<br>[1],<br><br>        Defendant. | CRIMINAL NO. 22-312 (ADC) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11(b) GUILTY PLEA HEARING**

**I.     Procedural Background**

On July 13, 2022, defendant Alexander Fermin-Garcia was charged in a two-count indictment. He agrees to plead guilty both counts.

Count One charges that beginning on an unknown date no later than June 29, 2022 and continuing to on or about July 13, 2022, on the high seas, elsewhere, and within the jurisdiction of this court, Mr. Fermin-Garcia and others knowingly and intentionally combined, conspired, confederated, and agreed with each other and with others both known and unknown to the Grand Jury to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on a vessel subject to the jurisdiction of the United States, all in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

Count Two charges that on or about June 29, 2022, on the high seas, elsewhere, and within the jurisdiction of this court, Mr. Fermin-Garcia and others knowingly and intentionally aided and abetted each other to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on a

USA v. Alexander Fermin-Garcia [1]
Cr. No. 22-312 (ADC)
Report and Recommendation on Guilty Plea

vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code,

Section 70503(a)(1) and Title 18, United States Code, Section 2.

Defendant appeared before me, assisted by the court interpreter, on August 3, 2023, since

the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th

Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of

defendant). He was advised of the purpose of the hearing and placed under oath with instructions

that his answers must be truthful lest he subject himself to possible charges of perjury or making

a false statement.

## II.   **Consent to Proceed Before a Magistrate Judge**

Defendant was advised of his right to hold all proceedings, including the change of plea

hearing, before a district court judge. He received an explanation of the differences between the

scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that

if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing

and prepare a report and recommendation, subject to review and approval of the district judge. The

defendant then voluntarily consented to proceed before a magistrate judge.

## III.   **Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas

to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid

waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United

States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a

defendant who pleads guilty does so with an 'understanding of the nature of the charge and

consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting

USA v. Alexander Fermin-Garcia [1]
Cr. No. 22-312 (ADC)
Report and Recommendation on Guilty Plea

McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that the defendant was competent to plead and fully aware of the purpose of the hearing.

### B.    Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offenses to which he was pleading guilty, namely: as to each count, a term of imprisonment of not less than ten years and up to life, and a fine of not more than $10,000,000.00, or both, and a term of supervised release of at least five years. The defendant also understood that a Special Monetary Assessment of $100.00 per count would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

USA v. Alexander Fermin-Garcia [1]
Cr. No. 22-312 (ADC)
Report and Recommendation on Guilty Plea

The court explained the nature of supervised release and the consequences of revocation. The court may also impose a forfeiture order. The defendant indicated that he understood the maximum penalties and the potential consequences of the guilty plea.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant also confirmed that he was aware that his guilty plea, if accepted, may result in negative immigration consequences such as removal, deportation, and prohibition of re-entry to the United States. The defendant confirmed that he understood these consequences of his guilty plea.

C.    **Sentencing Procedures**

The defendant was specifically informed that the district court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a). The

USA v. Alexander Fermin-Garcia [1]
Cr. No. 22-312 (ADC)
**Report and Recommendation on Guilty Plea**

defendant was advised that under some circumstances he or the government may have the right to

appeal the sentence the court imposes.

### D.      Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty,

and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge

sitting without a jury if the court and the government so agree; that at trial he would be presumed

innocent and the government would have to prove his guilt beyond a reasonable doubt; that he

would have the right to assistance of counsel for his defense, and if he could not afford an attorney

the court would appoint one to represent him throughout all stages of the proceedings; that at trial

he would have the right to hear and cross examine the government's witnesses, the right to decline

to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or

compulsory process to compel the attendance of witnesses to testify on his behalf. He was further

informed that if he decided not to testify or put on evidence at trial, his failure to do so could not

be used against him, and that at trial the jury must return a unanimous verdict before he could be

found guilty.

The defendant specifically acknowledged understanding these rights, and understanding

that by entering a plea of guilty there would be no trial and he will be waiving or giving up the

rights that the court explained.

### E.      Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Two of the indictment and provided an

explanation of the elements of the offenses. Upon questioning, the government presented to this

magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Counts

USA v. Alexander Fermin-Garcia [1]
Cr. No. 22-312 (ADC)
Report and Recommendation on Guilty Plea

One and Two and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand the government's submission as to the facts which could have been presented at trial and admitted to the elements of each offense.

### F.   Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any promises in exchange for his guilty plea. Throughout the hearing the defendant was able to consult with his attorney.

## IV.   Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One and Two of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Alexander Fermin-Garcia, is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that each carries, understands that each charge is supported by evidence and a basis in fact, has admitted to the elements of each offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One and Two of the indictment.

This report and recommendation is filed pursuant to Title 28, United States Code, Section

**USA v. Alexander Fermin-Garcia [1]**
**Cr. No. 22-312 (ADC)**
**Report and Recommendation on Guilty Plea**

636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be

specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file

timely and specific objections to the report and recommendation is a waiver of the right to review

by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

      **A sentencing hearing will be set before Judge Aida M. Delgado-Colón.**

      **IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 3rd day of August, 2023.


                             ***s/Bruce J. McGiverin***
                             BRUCE J. McGIVERIN
                             United States Magistrate Judge